Chen v. Lynch

BIA
Burr, IJ
A205 047 821

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT:
        DENNIS JACOBS,
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*.
_____

Jinsheng Chen,
        *Petitioner*,

        v.                                    13-2608
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:          Lewis G. Hu, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Kathryn L. Deangelis,
                         Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jinsheng Chen, a native and citizen of the People's Republic of China, seeks review of a June 17, 2013 decision of the BIA affirming the October 1, 2012 decision of Immigration Judge ("IJ") Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinsheng Chen*, No. A205 047 821 (B.I.A. June 17, 2013), *aff'g* No. A205 047 821 (Immig. Ct. N.Y. City Oct. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief (Chen's lack of doctrinal knowledge) that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications that like Chen's, are governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  In this case, the agency reasonably based its adverse credibility determination on inconsistencies between Chen's testimony and that of his witness, and the lack of a plausible explanation for those inconsistencies.

The IJ found that Chen failed to meet his burden of proof for asylum because his account of his Falun Gong

3

activities was inconsistent with the testimony of his friend, Chen Long Dong ("the witness"). Substantial evidence supports the IJ's findings that Chen testified inconsistently with the witness with respect to where he and the witness first met, whether they arranged in advance to practice Falun Gong together, and how many Falun Gong positions Chen practices.

While the inconsistency regarding where Chen and the witness first met is relatively minor, the agency was nonetheless entitled to rely on the "cumulative effect" of the inconsistencies. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim,. . . the cumulative effect may nevertheless be deemed consequential by the fact-finder"(internal quotation marks omitted)); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies,. . . and may conduct an overall evaluation of testimony in light of its rationality or

4

internal consistency and the manner in which it hangs together with other evidence."(internal quotation marks omitted)). Furthermore, Chen had an opportunity to address the inconsistencies, but Chen failed to address them. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 120-21 (2d Cir. 2006) (An IJ need only give an applicant a chance to reconcile inconsistences that are not self-evident; otherwise, it is the applicant's "responsibility to proffer, with or without prompting, an explanation for what appears on its face to be a clear contradiction.").

The totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk